The President
delivered the opinion of thfe Court, †
In 1792, John Alexander, together with his son Richard B. Alexander, and his son-in-law, John Brown, as his sureties, executed his bond for a considerable debt, to one Donaldson, and also a mortgage on a tract of land of abeut 1800 acres, to indemnify his sureties in the bond. In 1795, he sold 314 acres of the lafid to one Wilson, and conveyed to’him, with general warranty and covenants against all incumbrances, and for a good title, and further assurances. Wilson, it is alleged, paid the purchase money to Donaldson by the order of Alexander, in part payment of the debt due him by Alexander; in consequence of which, the sureties released their lien on the land sold to Wilson. The bill charges that John Alexander, in surveying the 314 acres sold to Wilson, fraudulently carried the surveyor to a corner, so as to include 139 acres of land, which did not belong to him. In 1800, Wilson sold to one Ramsay, with general warranty and covenants against all incum brances by him. When this conveyance was made, one Greenup Was in possession of 139 acres, (wrongfully included in the survey as it is alleged,) claiming a fee-simple title in it; and in the same year,, *99 Ramsay brought an action of ejectment for the rccoveiy of the poN session; and in 1804 he sold to A uld, the Plaintiff. In 1807, he con* veyed to A uld, with special warranty against himself, and all persons claiming under him; after which, Judgment was rendered against him in the action of ejectment.
The bill of Auld is against Wilson, Ramsay, and the heirs of John Alexander, claiming to have assigned to him so much of the 1800 acres out of which the land was sold to Wilson, as will compensate him in value, for the 139 acres, lost by Greenup's title; or, to have the remainder ol the 1800 acres sold under the Deed of Mortgage to A lexander's sureties in the bond of Donaldson, which, it appears, had been before released by the sureties; and for general belief, See.
The mortgage, is net exhibited; though its existence is admitted» Nor does it appear, that it has been regularly recorded, being only proved by one witness. It seems that all the residue of the 1S00 acres of land, was convoyed by John Alexander to his children in consideration does not appear; except that Cliarles B Alexander, one of the sons, says, that the portion conveyed to him, war in consideration principad/ of money paid by him tor his ffb'r¡’,y,pd that he purchased Richard B. Alexander's part. None of 'Jvi other !\ ira of John ¿Alexander hold any part of the
land, v.hich he ai.. ,-;/ thro held; the residue of his real estate having been sold in bis life time to other persons. Nor are any of the Deeds from him to hi:-, o.ms impeached by the bill. There is, therefore, no ground on ¡he pleading's, on which the Plaintiff is entitled to relief, unless he is entitled to a specific lien on the land in the possession of Charles B Alexander, paramount to his title. Iiis claim to have satisfaction for the loss of the 139 acres held by Green-up, by an assignment to him of a portion of the 1800 acres of equal value, has no foundation.
Tliero is no case, in which a Court of Equity can assign to a creditor a Specific portion of his debtor’s property, in satisfaction of his demand. His claim to he substituted for Wi Ison and to have hi:! rights, by which to get a lien on the land of Alexander, paramount to tiie title of Charles B. Alexander, one of his sons, is not better founded. Wilson himself, had no claim to the lien given for the benefit of Alexander's sureties, for the debt to Donaldson. If he did pay the purchase money to- indemnify them, (which- is not satisfactorily proved,) ho did not pay it for the sureties. The money was due by himself; and though paid for Alexander, it was not paid for his sureties. Hut, if it had been so paid, there is no ground on, which Auld, the Plaintiff, could be substituted for him; He had n«* *100 . 'claim to indemnity from Ramsay, from whom he purchased, nor -«pon Wilson. Not upon Ramsay, because his warranty was special, and never broken; nor upon Wilson, for whatever claim Ram'say might have upon him, none was assigned io Auld. Wilson’s covenant were with Ramsay and his assigns.of the land, and could Only pass to an assignee of the land, as incident to it. That being -in the adverse possession of Greenup when the conveyance was made to Auld, no title nor interest in the 139 acres to him; and though Ramsay might be estopped by his Deed to say •that no title passed from him, yet others,„not claiming under him, are not estopped.
Decree affirmed.

 Judge Carr did not sit in this cause, having decided it as Chancellor.